**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ECO RESOURCES, INC.,

        Plaintiff,

vs.   No. CIV 03-306 JC/LCS

BROWNSTEIN, HYATT & FARBER, P.C.;
RUBIN, KATZ, SALAZAR, ALLEY, ROUSE
& HERDMAN, P.C.; DAVID M. BROWN,
GARY M. REIFF, LEONARD S. KATZ; AND
DONALD M. SALAZAR,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Brownstein Defendants' Motion to Dismiss Plaintiff's Fourth Claim for Relief Under the New Mexico Unfair Practices Act, filed May 13, 2003 (*Doc. 5*). Having considered the motion, memoranda, supporting documentation, and consulted the relevant authority, the Court finds the motion well taken and it is, therefore, granted.

**I.**    **Background**

The relevant factual allegations as taken from the complaint and the pleadings are as follows: Plaintiff entered into a fee agreement for legal representation with Defendant Brownstein, Hyatt & Farber, P.C. (the "Firm") whereby the Firm would represent Plaintiff in its negotiation and execution of an agreement between Plaintiff and Doña Ana County (the "County"), New Mexico. Defendant Brown, a member of the Firm, and Defendant Reiff undertook the "primary responsibility on behalf of [the Firm] in the legal representation of Plaintiff." Plaintiff's Complaint (Pl's Compl.) at 4. (Collectively, the Firm, Brown and Reif comprise the "Brownstein Defendants.") Plaintiff is in the

business of constructing, owning, operating and managing water and wastewater treatment and distribution facilities.  Plaintiff provides these services to facilities it owns as well as to facilities owned by third parties.  The purpose of the agreement between Plaintiff and the County, communicated from Plaintiff to Brownstein Defendants prior to Plaintiff hiring Brownstein Defendants, was to effect a lawful delegation or reassignment of certain rights and obligations from one Gerald Strauss ("Strauss") to Plaintiff.  Specifically, Plaintiff sought to acquire Strauss' exclusive right to supply and sell water to the County.  Plaintiff ultimately entered into an agreement (the "subcontract"), negotiated, drafted and reviewed by Brownstein Defendants, whereby Plaintiff contractually obliged itself "to perform the obligations and receive the rights and benefits of Strauss" pursuant to the agreements previously made between Strauss and the County.  Pl's Compl. at 6.  Several years later, a New Mexico state court declared the underlying agreement between Strauss and the County invalid as not in compliance with the New Mexico Procurement Code, thus rendering Plaintiff's subcontract invalid also.

## II.  Standard of Review

A district court should not dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of the claim that would entitle plaintiff to relief.  *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976).  For purposes of such a motion, the court accepts as true all well-pleaded factual allegations in plaintiff's complaint and construes them in the light most favorable to plaintiff's claims.  *Sutton v. Utah State Sch. for Deaf and Blind,* 173 F. 3d 1226, 1236 (10th Cir. 1999).  In accepting the complaint's allegations as true, the Court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted.  *Ordinance 59 Ass'n v. United*

*States Dep't Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir. 1998).  The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Discussion**

Brownstein Defendants seek dismissal of Plaintiff's Fourth Claim for Relief on the grounds that such claim alleges no conduct actionable under the New Mexico Unfair Practices Act ("UPA"). Specifically, Brownstein Defendants contend that  "Plaintiff's claim under the UPA relates solely to the Brownstein Defendants' purported failure to properly investigate certain areas of law which purportedly caused them to render erroneous legal advice." Def's Mot. at 6.  Defendants argue that such alleged failure on their part should not give rise to a claim under the UPA, as it constitutes a "straight alleged malpractice case" and does not involve the type of conduct intended to fall within the scope of the UPA.  *Id*. at 1.  Recognizing a lack of New Mexico law directly on point, and seeming to disregard some prior, instructive decisions from this Court,  Defendants support their position with cases from several other district courts having concluded that while their respective consumer protection statutes might be properly applied to commercial or entrepreneurial aspects of attorney practice, they do not govern the rendering of legal opinion or advice.  *Id.* at 4 citing *Short v. Demopolis*, 691 P.2d 163 (Wash. 1984) (holding that deceptive practices legislation may apply to commercial activities of lawyers but legal opinion and advice rendered in the actual practice of law falls outside its reach); *Frahm v. Urkovich*, 447 N.E. 1007 (Ill. App. 1983) (application of consumer protection act to attorney conduct limited to that which is commercial in nature); *Rousseau v. Eshleman*, 519 A.2d 243 (N.H. 1986) (holding attorneys exempt from consumer protection act, as profession was already regulated by professional conduct committee).  As an alternative to dismissal

3

of the UPA claim, Brownstein Defendants urge the Court to limit such claim to any alleged conduct which can be considered commercial in nature. *Id.*

Plaintiff responds that Defendants' conduct falls within the purview of the UPA because it is not expressly permitted by the regulatory statute governing attorney conduct and therefore does not meet the exception provided by § 57-12-7 of the UPA. Alternatively, Plaintiff argues, Brownstein Defendants' alleged conduct amounts to commercial activity and, as such, is actionable under the UPA even if the Court adopts the reasoning from the line of cases cited by Brownstein Defendants.

This Court has previously considered applicability of the UPA to attorney and other professional conduct in the context of the UPA's § 57-12-7 exemptions. *See, e.g.*, *Campos v. Brooksbank*, 120 F. Supp. 2d (D.N.M. 2000). In *Campos*, Judge Parker ruled that attorneys do not enjoy blanket immunity from claims under the UPA simply because their profession is regulated by the New Mexico Supreme Court and their conduct subject to compliance with the rules promulgated in furtherance of that regulation.[1] The relevant portion of the UPA reads as follows:

**57-12-7. Exemptions.**

Nothing in the Unfair Practices Act shall apply to actions or transactions expressly permitted under laws administered by a regulatory body of New Mexico or the United States, *but all actions or transactions forbidden by the regulatory body, and about which the regulatory body remains silent, are subject to the Unfair Practices Act*.

N.M. Stat. Ann. § 57-12-7. (Emphasis added). The *Campos* case, its predecessors from this Court,

---

[1] Similarly, in *American Indian and Alaska Native Cultural and Arts Development Institute v. Daymon & Associates*, 1999 U.S. Dist. LEXIS 22380 (D.N.M. 1999), Judge Conway ruled that defendant accountants did not automatically fall within the exemption of regulated activities just because they were regulated by the State Board of Accountancy.

4

the language added by the 1999 amendment to the UPA[2], and even the cases cited by Brownstein Defendants in support of their motion all support the conclusion that if the alleged conduct in this case falls outside that which is permissible under attorney regulatory rules or is not mentioned in such rules, it may give rise to a claim under the UPA.

The Court finds further merit in the reasoning of those courts having separated attorney conduct into commercial and non-commercial categories for purposes of determining whether a cause of action under consumer protection legislation can be brought. Only the former may give rise to such a claim. The reason for making the division is easily understood, at least in theory--clients, as consumers, should be afforded the remedies available to all consumers when services are marketed, sold, and distributed in a manner that is unfair or deceptive. Specific to the New Mexico statute, such conduct is "made in connection with the sale, lease, rental or loan of goods or services" as required by §57-12-2(d) of the UPA. N.M.S.A. §57-12-2(d). Legal opinions rendered, on the other hand, surely cannot and should not be judged by a standard tantamount to requiring that attorneys guaranty their accuracy. Attorneys must be free to make professional judgments when advising their clients without facing what amounts to strict liability for any injury that might result if such judgments prove inaccurate. *Rousseau v. Eshleman*, 519 A.2d 243 (Johnson, J. dissenting). Delineating the two types of lawyer activity, however, can prove difficult.

In this case, assuming all factual allegations made by Plaintiff are true, Brownstein Defendants

---

[2]In a 1999 amendment to the UPA, the italicized portion of § 57-12-7 cited above was added. See 1999 N.M. Laws Ch. 171 (approved April 6, 1999). Judge Parker issued his decision in *Campos* with knowledge of the new language, but the amendment took effect after the alleged conduct and filing in that case. In *Branch v. Weltman*, 1997 U.S. Dist. LEXIS 23983, Judge Vasquez concluded that § 57-12-7 *did* provide a blanket exemption for attorneys, but she issued that memorandum opinion and order nearly two years prior to the amendment.

5

described themselves to Plaintiff as experts in negotiating and executing the specific type of contract Plaintiff sought. Further, Brownstein Defendants represented to Plaintiff that they were familiar with the relevant New Mexico law, for they had executed similar, valid contracts requiring them to apply that law in the past. Plaintiff then chose to hire Brownstein Defendants to draft their contract. Unfortunately, four years after the contract was executed, it was determined to be null and void. Plaintiff contends that the invalid contract itself supports its claim that Brownstein Defendants misrepresented or falsely advertised themselves as experts in the relevant field of law. To the contrary, however, analysis of Plaintiff's claim exposes it as the type to which the UPA should not apply. Brownstein Defendants engaged in legal analysis whereby they applied facts to law and formed legal opinions culminating in what they apparently believed to be a legally binding contract. Plaintiff does not challenge the validity of Brownstein Defendant's representation of themselves as highly competent to draft a binding contract, as might be the case if Plaintiff alleged that Brownstein Defendants had never actually drafted such a contract before, or had never before executed such a contract pursuant to the laws of New Mexico, for instance. Instead, Plaintiff relies on the inaccuracy of the legal opinion itself to form the basis for its allegation of deception regarding Brownstein Defendants' level of expertise. While Plaintiff may properly state a claim for legal malpractice here, alleged rendering of erroneous legal advice alone cannot provide fertile ground for a claim under the UPA. As Brownstein Defendants correctly point out, to permit such a claim to proceed under these circumstances would be to allow the exception to swallow the rule. Def's Reply at 4.

**IV.   Conclusion**

In sum, the Court finds that Plaintiff could prove no set of facts in support of its UPA claim which would entitle it to relief, for Brownstein Defendants' alleged conduct was not entrepreneurial

or commercial in nature but instead involved formation of legal opinion and rendering of legal advice. Such conduct alone cannot give rise to a claim under the New Mexico Unfair Practices Act and, therefore, Plaintiff has failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Wherefore,

**IT IS ORDERED** that Brownstein Defendants' Motion to Dismiss Plaintiff's Fourth Claim for Relief Under the New Mexico Unfair Practices Act, filed May 13, 2003 (*Doc. 5*), is granted.

DATED September 25, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    T.O. Gilstrap, Jr., Esq.
    El Paso, TX

Attorneys for Defendants:

    R.E. Thompson, Esq.
    Erin E. Langenwalter, Esq.
    Modrall, Sperling, Roehl, Harris & Sisk
    Albuquerque, NM